## FUSELIER, Administrator *v.* LACOUR.

An agreement by which it is stipulated that each of the parties shall hold an undivided seventh of certain property to be purchased in the name of one of them, and shall pay each his portion of the price, is not a joint obligation, and, in an action on it, all the parties need not be joined.    Each party promises separately for himself to do a distinct thing. C. C. 2073, 2075.

Where one of several co-proprietors of property, not partners, makes advances for the benefit of the common estate, without any contract with his co-proprietors, no joint obligations arises on the part of all the co-proprietors to pay an entire sum, but each is bound to refund according to his interest.

APPEAL from the District Court of Pointe Coupée, *Farrar, J. Cooley*, for the appellant.    *Lacoste*. for the defendant, cited Civil Code, 2080.    3 La. 437. 8 La. 523. 11 La. 453. 14 La. 362. 16La. 119. 17 La. 397. 19 La. 414.    3 Rob. 26, 140. 6 Rob. 351. 7 Rob. 181. 12 Rob. 323.    The judgment of the court was pronounced by

SLIDELL, J.    The petitioner alleges that the defendant, the widow of *Alfred Fuselier*, was the universal legatee of said *Alfred*, and, after his death, took possession of all his property, and is liable for all his debts.    That she is indebted to the succession of *Edward Fuselier*, of which plaintiff is the administrator, in divers specified sums, under the following circumstances : That *Edward Fuselier, Alfred Fuselier*, and five others, were heirs of the widow *Ternant,* and purchased, at the sale of her estate, certain lots of ground in New Orleans ; that said lots were " adjudicated to *Edward Fuselier* alone, it being expressly agreed between the said parties that it was bought for, and that each of the said heirs should have and hold one undivided seventh of said property, and pay each his or her portion of the price thereof;" that this property was afterwards assessed in the name of *Edward Fuselier*, who paid the state, parish, and city taxes; that he also paid various sums for filling the lots, repairing the fences, and paving, &c. ; that, at the succession sale of the same estate, he also bought in his own name a slave and some cattle, "which were adjudicated to the said *Edward Fuselier* alone, by express agreement among said seven heirs that they should own and pay one undivided seventh of said slave and cattle," or as more distinctly stated in the french translation—qu'ils seraient chacune propriétaire pour un septieme indivis, et qu'ils payeraient chacun un septieme du prix; and that *Edward Fuselier* accounted for the price of the slaves and cattle in a settlement with the other heirs.    The suit is for the one-seventh part of the disbursements for taxes, paving, &c., and the one-seventh of the price of the slave and cattle.

The defendant excepted to the action on the ground that, "it was based upon divers joint contracts alleged in the said petition to have been entered into

between *E. Fuselier*, *Alfred Fuselier*, and five other co-heirs, and that all the heirs, being joint obligors, should have been made defendants." This exception was sustained, and the suit was dismissed.

If this be in reality a suit upon joint contracts, the exception was well taken; for the Code is positive that, in such a case, all the joint obligors must be made defendants. The sole enquiry then is whether the action, according to the allegations of the petition, which for the purposes of the exception are to be taken as true, is upon joint obligations. "Several obligations are produced when what is promised by one of the obligors is not promised by the other, but each one promises separately for himself to do a distinct act; such obligations, although they may be contained in the same contract, are considered as much individual and distinct as if they had been in different contracts, and made at different times." Civil Code, art. 2073. "When several persons join in the same contract to do the same thing, it produces a joint obligation on the part of the obligors." Ib. 2075. Now, as regards the purchase of the slave and cattle, the contract charged is not a contract of the six heirs to pay *Edward Fuselier* a sum amounting to six-sevenths of the price, but a contract by each heir to pay one-seventh. Each promised to pay a certain share of a certain sum; and all did not promise *to do the same thing*, that is to pay the entire sum. If seven persons sign a note by which they promise to pay $700, this is a joint obligation. But if they sign a note by which each promises to pay the one-seventh of the sum of $700, the obligation is several.

As regards the claim for one-seventh of the monies disbursed for taxes, paving, &c., the petition does not allege any express contract with regard to them. The liability is one arising *ex æquo et bono*, to reimburse necessary expenditures of which the defendant has had the benefit. When one of several co-proprietors of property not partners, makes, without contract with his co-proprietors, advances for the benefit of the common estate, we do not consider the law *as raising a joint obligation of all the co-proprietors* to pay an entire sum; but each is bound to refund a part, according to his interest.

The rule of the Civil Code that all the joint obligors must be made parties to the action, even when some have discharged their part of the obligation, is one which has been found inconvenient in practice; and though courts must enforce it, it should be confined to those contracts which are really joint. We think the case before us not an action upon joint obligations, and the plaintiff was entitled to proceed against the defendant alone.

It is therefore decreed that the judgment of the court below be reversed, that the exception be dismissed, and that the cause be remanded for further proceedings according to law; the defendant paying the costs of this appeal.