## No. 2705.

### C. A. & L. L. CONRAD *v.* EDWARD W. BURBANK.

Where one of the joint owners of property claims from the other parties commissi ns for collecting rents and keeping the premises in repair, he must show an agreement on which to base his charge.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont,* J. *Conrad & Sons,* for plaintiffs and appellants. *Fellows & Mills,* for defendant and appellee.

Justices concurring: Ludeling, Taliaferro, Howell, Wyly and Morgan.

HOWELL, J. Plaintiffs sued defendant for a certain sum as rents of premises owned in common by the parties. Defendant admitted indebtedness of a part of the claim and set up payments, expenses and commissions as an offset to the balance. Judgment was rendered for the amount acknowledged (see 24 An. 17), and the contest now relates to the balance. The admission by plaintiffs of the account furnished by the defendant was conditional, and it devolves on the latter to establish its correctness.

Claiming to be a joint owner of the property, he must show an agreement to charge commissions for recovering rents and keeping the premises in repair. This he has not done. Nor can he charge plaintiffs with the premiums on insurance, as it is shown that the insurance covered only his own interest. The items then of his account for commissions and premiums must be rejected.

Of other disbursements the only proof in the record is of the following, to wit: Haller's bill $57 75; Craft's bill $32 70; J. G. Lewis' bill $115; City taxes $225; State taxes (two items) $94 75, making a total of $525 20 established by evidence.

The agregate amount of collections was $4362 97; deduct from this the above sum, leaves $3837 77 to be divided. Plaintiffs' half is $1918 88; of this they received $1355 61 under the former decree, which leaves $563 27 still due them by defendant.

It is therefore ordered that the judgment appealed from be reversed, and that plaintiffs recover of defendant the sum of $563 27 with legal interest from judicial demand, and costs in both courts.

Rehearing refused.