(38 South. 449.)

No. 15,292.

SHARP et al. v. ZELLER et al.

(April 10, 1905.)

JUDGMENT—CONSTRUCTION—RES JUDICATA— —JOINT TENANCY—RENTS AND PROFITS.

1. In construing a judgment the whole context should be considered, and in case of doubt preference should be given to that construction which is more in consonance with a proper decree on the law and facts of the case.

2. Issues not raised by the pleadings, and not necessarily involved in the decision of the cause, are not concluded by the judgment. Where plaintiffs sued to be recognized as joint owners and for a partition, and the judgment ordered the defendant to account for rents, he is not estopped to set up in the partition proceedings

claims for disbursements for taxes, insurance, and necessary repairs.

3. The joint owner in possession is accountable for rents, and is entitled to recover money expended for taxes, insurance, and necessary repairs which inured to the benefit of his co-owners. He cannot, in the absence of contract, charge commissions on collections or compensation for superintendence.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; George Henry Théard, Judge.

Action by Frank Sharp and others against Henry Zeller and others. Judgment for plaintiffs, and Henry Zeller appeals. Amended.

Boatner & Manion and George Sturges. Dodds, for appellant. Dinkelspiel & Hart, for appellees.

LAND, J. This is a sequel to the suit between the same parties, reported in 110 La. 61, 34 South. 129. The judgment having been affirmed, the partition proceedings commenced before the notary designated by the decree of the court. The parties filed their respective claims before that officer, but, being unable to agree, the matters in dispute were referred by the notary to the judge, who rendered a final judgment of partition, in which the pretensions of the parties were adjusted and adjudicated.

Henry Zeller appealed, and plaintiffs have answered, praying for amendment of the judgment in a number of particulars.

The first judgment of the district court, rendered on January 2, 1901, decreed that certain real estate, shares of stock, and a promissory note belonged to the community formerly existing between defendant Henry Zeller and the mother of the plaintiffs, and which was dissolved by her death on June 27, 1898. It was further decreed that said defendant account for the shares of stock and the note as of said date, and that he also account for the rents and revenues of all the real estate from the date of the dissolu-

tion of the community. And there was judgment "in favor of Henry Zeller, as plaintiff in reconvention, and against plaintiff, in the sum of thirty-nine hundred dollars, the amount of his separate claim against the community aforesaid, with legal interest thereon from the date of the dissolution of the community."

When the real estate was sold on May 26, 1903, Henry Zeller purchased lots to the amount of $5,175, and retained the price pending the proceedings for a partition.

In the final judgment of partition Henry Zeller was charged with the rental value of one piece of real estate, and with rents collected from the remainder, and was credited with taxes and insurance paid and disbursements for repairs, and it was ordered that the amount of $3,900, with legal interest thereon from August 25, 1898, until May 26, 1903, be charged against or paid out of the "active mass" to be distributed. Zeller was charged with interest on the purchase price of the property adjudicated to him from the date of the sale until the final settlement of the partition.

Defendant's first contention is that the judgment of January 2, 1901, decreed that the whole sum of $3,900 be paid by plaintiffs, and not by the community. Taking the decree as a whole, it is evident that it was adjudged that said amount represented the separate claim of Henry Zeller against the community. Hence the expression judgment "against plaintiff" should be construed with reference to the context, and as meaning that the decree was against plaintiffs, as owners in indivision of the community property, and not against them individually. In Sharp v. Zeller, 110 La. 66, 34 South. 131, this decree was paraphrased as follows: "That Henry Zeller recover of the community the sum of $3,900, amount of his separate claim against it, with legal interest from the date of dissolution."

In his original answer defendant prayed for "judgment against the community" for the amount of his separate funds used in purchasing the property. It is also true that defendant prayed for judgment against plaintiffs jointly for $1,000, money deposited with his wife, and not accounted for; but it was adjudged that this sum was due by the community. In our former opinion we said:

"The district judge rendered judgment in favor of the defendant Henry Zeller for $3,900. This amount was evidently made up of the sum of $2,900, amount of the proceeds of the sale of his three pieces of separate estate, applied to the use and benefit of the community, and the sum of $1,000, placed in the hands of his wife for safe-keeping, and claimed not to have been returned by her." 110 La. 74, 34 South. 134.

It is familiar doctrine that judgments are interpreted by the pleadings and by the subject-matter of the suit. It is equally well settled that the whole context of the judgment should be considered, and in case of doubt preference should be given to that construction which is more consonant with a proper decree on the facts and law of the case. Ingram v. Richardson, 2 La. Ann. 839; Trepagnier v. Williams, 4 La. 100. In the latter case a judgment for a certain sum of money was rendered against a third possessor of the mortgaged property, which was ordered to be sold. The court nevertheless held that the defendant was not personally responsible for the amount, it being evident that he was not so bound on the law and the facts of the case. So, in the instant case, it is manifest that it was not the intention of the judge to condemn the heirs of the wife to pay the claims of the surviving husband against the community.

As to the item of $1,000 money alleged to have been deposited with the wife, it formed a part and portion of the claim for $3,900, recognized by the judgment as a debt against the community, and not against the heirs of the wife. There was no evidence that this

sum of $1,000 inured to the separate benefit of the wife.

The contention of plaintiffs that the judgment in question is res judicata against defendant as to his demands for reimbursement of money expended for taxes, insurance, and necessary repairs is likewise untenable. The decree reads:

"And the said Henry Zeller to account for the rents and revenues of the above-described property from the date of the dissolution of the community to the date of the sale of the property."

The word "account" means a statement of mutual demands in the nature of debt and credit between parties, arising out of contract or some fiduciary relation. Bouvier (Rawle's Revision) verbo.

The issue of rents was not before the court, nor was the issue of disbursements. The mere silence of a judgment as to a demand not presented by the pleadings, and on which no evidence was introduced, cannot support the plea of res judicata. The order "to account" for rents and revenues was ultra petitum, decided nothing, and was a mere declaration of the legal consequence of the judgment in favor of plaintiffs on the issue of title.

Neither the question of rents nor the question of disbursements were decided, but were relegated to the partition proceedings, to be therein determined and settled according to law. Civ. Code, art. 1350. Under the textual provisions of this article, sums received or disbursed by defendant on account of the community entered as factors in the settlement of accounts. In the case of Packwood v. Richardson, 1 Mart. (La.) N. S. 405, it was held that a joint owner cast as defendant in a petitory action and condemned to pay rents could claim the value of his improvements in the subsequent partition proceedings ordered by the court in the same judgment.

The right of the joint owner in possession to be reimbursed necessary expenses for the preservation of the common property is well settled. Fuselier v. Lacour, 3 La. Ann. 162; Smith v. Wilson, 10 La. Ann. 255.

The liability of the co-owner not in possession to refund his part of necessary expenditures arises ex æquo et bono. Fuselier v. Lacour, 3 La. Ann. 163. In Conrad v. Burbank, 25 La. Ann. 112, the defendant was charged with rents and credited with disbursements for necessary repairs and taxes paid; but his claim for commissions , and premiums of insurance covering only his own interest was rejected. In the late case of Moreira v. Schwan, 113 La. 643, 37 South. 542, we held that defendant joint owner in possession was entitled to be reimbursed for taxes and insurance paid on the property. The question of necessary expenditures for repairs was not involved in that suit; but we think that they stand on the same footing. Defendant's rights as joint owner were not affected by the institution of the present suit, or by the judgment recognizing plaintiffs' joint interest in the property, which it was necessary to preserve and administer pendente lite.

Admitting that defendant was a possessor in bad faith as to the interest of plaintiffs in the property, he is entitled to necessary expenses for the preservation of the property. Civ. Code, art. 2314; Wood's Heirs v. Nicholls, 33 La. Ann. 751.

Defendant rendered a statement of all rents collected by him, and also a statement of his disbursements. He testified to the correctness of all the items on both statements, and that the repairs on the houses were absolutely necessary in order to secure and retain tenants. Plaintiffs put a real estate agent on the stand, who estimated the rental values of the properties at higher rates than those accounted for by defendant. The trial judge accepted the returns of defendant except as to one piece of property, and as to this he adopted the estimate of the expert. Value, at best, is a matter of

opinion, and in this case we find that the estimates of the expert as to the rental value of ordinary small houses, styled "shacks," leasable only by the week or month, are high, amounting to nearly 18 per cent. per annum of their sale value, and make no allowance for loss of rents from bad tenants or vacancies. As to this character of property, we concur with the district judge in the opinion that the better criterion of rental value is the amount of rents actually realized by defendant, who was interested in securing the highest possible returns from the property. As to the cottage, susceptible of being leased by the year to tenants able to pay rents, the judge adopted the estimate of the expert. We see no good reasons for disturbing the findings of the trial judge on the issue of rents. The items of taxes and premiums of insurance were properly allowed. One house was burned, and was replaced by defendant out of proceeds of insurance on the building.

The judgment allowed defendant $611.24 for necessary repairs. There is nothing to rebut the testimony of defendant that such repairs were necessary to preserve the property and keep the house in a tenantable condition. Plaintiffs cannot receive the benefit of the rents and at the same time repudiate the expenditures which made their production possible.

Defendant's claims for commissions and superintendence were properly rejected. Conrad v. Burbank, 25 La. Ann. 112. His services as to plaintiffs were in invitum, and he has enjoyed the use of the rents without interest.

The property was sold on May 25, 1903. Defendant, in the judgment of partition, was charged with rents and with interest on note of Reinhardt Zeller and on building association stock until the date of sale. Interest was also allowed defendant until said date on the judgment for $3,900. Hence it was contemplated that the settlement of accounts should be of that date. Defendant's counsel contends that interest on said judgment should run until final partition. But this cannot be done without allowing interest to run also on the obligations of the defendant to the community. Plaintiffs, in their answer to the appeal, prayed that defendant be charged with interest on $5,175, the price of the property adjudicated to him, from date of sale to final partition, but prayed for no other amendment as to interest. It is manifest that the court cannot order interest to stop as to some claims on the date of sale and run as to others until final partition. As the property of the community was converted into cash by the sale of May 26, 1903, there is no obstacle to a settlement of accounts as of that date, and so we understand the decree of the lower court. That settlement will determine what amount is due by defendant to plaintiffs, and such balance should bear interest from date of sale until paid. The provisions of the decree seem to condemn defendant to pay interest on the sum of $5,175 whether the amount found due by him should be more or less than $5,175. We do not know whether the amendment of the judgment in this respect will work for or against the defendant, and under the circumstances will order the costs of appeal to be paid by the community.

It is therefore ordered that the judgment appealed from be amended so as to order that defendant pay legal interest from May 26, 1903, on whatever balance may be found due by him to plaintiffs, and that, as thus amended, said judgment be affirmed; costs of appeal to be paid by the community.