GLADNEY, Judge
(dissenting).
I respectfully dissent from the viewpoint of the majority of the Court, for I believe the exception of no cause of action squarely presents the issue, a point of law upon which the appeal should be resolved, and I cannot conceive of any useful purpose being served by a demand.
The allegations of the petition indicate defendant recognized the reasonableness and the necessity for repairs, or for a new roof. Although defendant’s reasons for refusing to give his authorization to the work by Gremillion are perhaps immaterial, he advised Staples he could do the work at a cheaper price by utilizing his own employees. Plaintiffs refused this suggestion by defendant upon advice of the engineer to the effect defendant’s employees did not possess the “know how”. Plaintiffs also declined to go 'along with a suggestion by the defendant that a new roof be installed, the replacement cost of which was estimated at approximately $30,000, and, in the opinion of plaintiffs, such an expenditure was prohibitive.
In discussing the issue presented by the exception in his written opinion, the judge of the district court commented:
“The law is clear that the obligation which plaintiffs seek to enforce arises from equity rather than contract. In the case of Sharp v. Zeller, 114 La. 549, 38 So. 449, our Supreme Court held as follows:
“ ‘The right of the joint owner in possession to be reimbursed necessary expenses for the preservation of the common property is well settled. Fuselier v. Lacour, 3 La.Ann. 162; Smith v. Wilson, 10 La.Ann. 255.
“ ‘The liability of the co-owner not in possession to refund his part of necessary expenditures arises ex aequo et bono. Fuselier v. Lacour, 3 La.Ann. 163.’
“However, in the early case of Fox v. Sloo, 10 La.Ann. 11, our Supreme Court recognized that the above stated equitable doctrine cannot be extended to one who intrudes his services upon another against his will, the Court holding as follows:
“ ‘There is certainly hardship involved in a result which enriches the proprietor at the plaintiff’s expense; but it is a hardship, which, however it *580 may and should recommend itself to the conscience of the proprietor, cannot judicially countervail the higher consideration of the public policy. It must also be observed that the hardship is of the plaintiff’s own seeking.
“ ‘We have not overlooked the maxim familiar in our jurisprudence and embodied in our code, “jure naturae requum est neminem cum alterius detrimenta et injuria fieri locu-phliorem”. It was on that principle the Roman Jurists held that he who acted for another by transacting his business, or by making repairs on his property could recover the amount of the expenses incurred or the value of the repairs, provided the acts of the negotiorum gestor were necessary and useful to the person for whom he acted. Porter, J., in Police Jury v. Hampton, 5 [Mart.] N. Series [389], 392. But we apprehend that this equitable doctrine cannot be safely extended to one who intrudes his services upon another against his will, and in contravention of the policy of a statute. See Jenkins v. Gibson, 3 [La.] Ann. [203], 204.’
“See also Mulligan v. Kenny, 34 La.Ann. 50; O’Hara v. C[K]rantz, 26 La.Ann. 504 and Woodlief v. Moncure, 17 La.Ann. 241. In the case of Moreira v. Schwan, 113 La. 643, 37 So. 542, our Supreme Court recognized the principle that one co-owner cannot be said to be acting with the implied consent of the other co-owners in using certain funds to make repairs after the co-owners have fully notified him that they do not consent to such use of these funds. The Court held as follows:
“ ‘The rental allowed by us as due by the plantation includes all rental collected by defendant up to the time that plaintiffs’ petition was filed.
“ ‘From that date it was made very evident that plaintiffs were entirely unwilling to let their rental be applied toward defraying expenses of the plantation.
“ ‘Their suit against defendant was notification enough to him not to apply the rental to pay the expenses of “Germania”. Defendant was acting as their agent, and from the date the suit was filed he should have ceased merging plaintiffs’ rental into plantation expenses.’ ”
The several co-owners here involved have never agreed to any plan of joint management of the building and it is clear that the alleged duty of the defendant-to reimburse plaintiffs, which is sought to ,be enforced, does not arise out of the contract of lease between the co-owners and Weiss & Gold-ring. Nor does the petition of plaintiffs present circumstances from which the rules of partnership arising under LSA-C.C. Art. 2870 may be applied. None of the co-owners were in such possession of the property as to justify application of LSA-C.C. Arts. 508 and 2314. The jurisprudence arising thereunder so extensively cited in the majority opinion is thus inapposite.
Plaintiffs’ legal position is that even though none of the co-owners are in possession of the property owned in common, necessary repairs thereto may be made contrary to the consent of one of the owners and the courts should recognize a right to reimbursement for advances for repairs, the right thereto arising from principles of equity rather than from implications of a contract.
The ownership in indivisión of defendant produces with respect to his other co-owners a several obligation and is governed by the articles of the Civil Code set forth below:
“Art. 2077. Where there are more than one obligor or obligee named in the same contract, the obligation it may produce may be either several or joint or in solido, both as regards the ob-ligor and the obligee.
*581 “Art. 2078. Several obligations are produced, when what is promised by one of the obligors, is not promised by the other, but each one promises separately for himself to do a distinct act; such obligations, although they may be contained in the same contract, are considered as much individual and distinct as if they had been in different contracts, and made at different times.”
“Art. 2084. Several obligations, although created by one act, have no other effects than the same obligations would have had, if made by separate contracts; therefore they are governed by the rules which apply to all contracts in general.”
Under these provisions of the Civil Code the duty of the obligor goes no farther than his individual promise and his liability is governed by the rules which apply to all contracts in general. In Nabors, et al. v. Producers’ Oil Company, 1917, 140 La. 985, 1001, 1002, 74 So. 527, 532, L.R.A.1917D, 1115; O’Niell, C. J. commented upon the application of LSA-C.C. Art. 2084, saying:
“But the Code does not lay down a rule for determining what contracts are joint and what are severable, except that, when several persons join in the same contract to do the same thing it produces a joint obligation on their part, and that, when an obligation is incurred in favor of several persons for the performance of something for their common benefit, it creates a joint obligation in their favor. Whether a contract is severable or joint depends upon the intention of the contracting parties as revealed by the language of their contract and the subject-matter to which it refers. * * ”
Under the provisions of LSA-C.C. Art. 2084 there was no legal duty imposed upon the defendant to reimburse plaintiffs for the repairs made contrary to his expressed wishes. It may be true that the defendant stands to be enriched at the expense of the other co-owners in this instance, but this is a fault which arises from the failure of the parties to agree upon some method of management of their property, and, as noted above, in Fox v. Sloo, supra, it is a hardship which addresses itself to the conscience of the co-owner and should not “judically countervail the higher consideration of public policy.” Thus, when one owner in indivisión acts without statutory right and thrusts his services upon another against his will, he does so contrary to the intent of the parties, and no contract comes into existence for which reimbursement may be enforced by the courts. LSA-C.C. Art. 2084.
My conclusion is the obligation of defendant was several and subject to the provisions of LSA-C.C. Art. 2084. He may be held only for his individual promise to pay, which he refused to give.