PICKETT, Judge.
This is an action for damages instituted by Octave Gardere against Harold A. Def-fez, the City of Baton Rouge, and The Fidelity & Casualty Company of New York, based on personal injuries alleged to have been sustained by plaintiff when he was struck by an automobile being driven by the defendant, Harold A. Deffez, and owned by the City of Baton Rouge. The Fidelity & Casualty Company was the liability insurer of the City of Baton Rouge at the time of the accident. After trial on the merits, judgment was rendered by the trial court in favor of the defendants, and plaintiff has appealed.
The evidence shows that on the morning of January 4, 1967, plaintiff, a 73-year-old man, was struck by a 1965 Plymouth Sedan Automobile being driven by defendant Def-fez as he was walking across St. Ferdinand Street, at a point just south of the intersection of that street with North Boulevard, in the City of Baton Rouge, Louisiana. St. Ferdinand Street runs north and south and North Boulevard runs east and west at that point. Immediately before the accident occurred, the plaintiff had left the Baton Rouge Savings and Loan Association Building, located on the southeast corner of the *266 intersection of St. Ferdinand Street and North Boulevard, and stepped down from the curb on the East side of St. Ferdinand Street and proceeded to walk in a westerly-direction across that street. At the time the accident occurred, plaintiff was in the south bound lane of traffic on St. Ferdinand Street at a point about two-thirds of the way across the south traffic lane. There is a conflict in the evidence as to whether plaintiff was in the cross walk used by pedestrians which runs across St. Ferdinand Street just south of the intersection, or some thirty or more feet south of the cross walk. Plaintiff testified repeatedly that he was in the cross walk when he was struck by the Deffez vehicle, while defendant Deffez testified just as positively that plaintiff was some distance south of the cross walk when he was struck.
Defendant Deffez testified that he was traveling west on North Boulevard and that as he approached the intersection of North Boulevard and St. Ferdinand Street, he moved into the special lane for vehicles turning left at that intersection. He was preceded by a driver in a pickup truck who stopped for a red traffic light. After the signal light turned from red to green, the pickup truck ahead of him moved forward and made a complete left U-turn and proceeded easterly on North Boulevard. Defendant Deffez said he made a wide left turn behind the pickup truck into the south bound traffic lane of St. Ferdinand Street to a point a few feet south of the pedestrian cross walk of St. Ferdinand Street, where the collision occurred. Deffez stated that when he first saw plaintiff, it appeared that he had come from the rear of a dark automobile on the east side of St. Ferdinand Street, and that he was running or hopping across the street west of the street median line into the path of the left front of his vehicle. Deffez said that he had just emerged from behind the pickup truck with his vehicle when he first observed the plaintiff. At that moment, he had just crossed the pedestrian cross walk, and the plaintiff was from 15 to 18 feet in front of his vehicle. The plaintiff’s body came in contact with defendant Deffez’s automobile about the center of the right front part. Deffez stopped almost instantly after the collision. Deffez stated that the moment he saw plaintiff, he was travelling approximately 15 to 20 miles per hour and that he applied his brakes with all the force he could in an effort to stop and avoid striking the plaintiff.
Daniel L. Hebert testified that at the time of the accident, he was connected with the Baton Rouge City Police Department, and that he investigated the accident. From his examination, he concluded the point of impact was about 20 feet south of the cross walk and eight feet east of the west edge of St. Ferdinand Street. It was 28 feet west of the east side of St. Ferdinand Street, which was a two-way traffic street at that time. The physical evidence showed that the impact occurred on the right hand side of the south bound traffic lane looking south. He said the automobile left about 24 feet of skidmarks, which began about two feet north of the north side of the pedestrian cross walk, and continuing south across the pedestrian cross walk to where the Deffez vehicle stopped.
The plaintiff testified that when he started across St. Ferdinand Street traffic was stopped on North Boulevard for red traffic lights. He had crossed into the south bound lane of traffic in St. Ferdinand Street, when he was struck and, according to plaintiff, he was dragged down the street until the Deffez vehicle stopped. He admitted that he did not see the Deffez vehicle until it hit him.
The testimony of the other witnesses adds very little to the evidence given by plaintiff, defendant Deffez and Daniel L. Hebert, the investigating officer.
The issues presented on this appeal are largely questions of fact. The plaintiff contends that as he was walking from the east to the west side of St. Ferdinand Street, between the north and south lines of the cross walk, and while he was in the south bound lane of traffic, he was struck *267 by the Deffez vehicle and dragged to where the vehicle stopped. He stated repeatedly that he never saw the Deffez vehicle until it hit him. He contends that the accident was caused solely by the negligence of the defendant Deffez in failing to maintain a proper lookout and in failing to bring his car to a stop in time to avoid the accident. Counsel for the plaintiff argues, in the alternative, that defendant Deffez had the last clear chance to avoid the accident.
The defendants contend that the plaintiff came from the direction of the side door of the Baton Rouge Savings and Loan Building on the east side of St. Ferdinand Street from the rear of a dark automobile travelling north on St. Ferdinand Street. They contend that Deffez was maintaining a proper lookout; that he endeavored to avoid the accident without success, and that he was free from negligence. In the alternative, defendants take the position that plaintiff is barred from recovery because of his own contributory negligence.
The only eye witnesses to how the accident happened are the plaintiff and defendant Deffez. Their testimony is in hopeless conflict as to what transpired immediately prior to and at the time of the accident. The trial judge in his oral reasons for judgment did not find that Officer Deffez was negligent, but on the other hand he failed to find Officer Deffez was not guilty of negligence. The trial judge did find that the plaintiff, Octave Gardere, either saw or should have seen the defendant vehicle, and in that connection, said:
“ * * * that the plaintiff, Octave Gardere, either saw or should have seen the defendant vehicle. He is charged with having seen what he could see, legally speaking. He admits that he never saw the defendant vehicle at any time before he was struck. I think this is an established fact in the case. Secondly, the plaintiff was crossing St. Ferdinand Street at a time when the light was green for traffic to proceed north on St. Ferdinand in order to make a right turn into North Boulevard going east. This means that not only did the plaintiff not see the defendant vehicle at any time but he was crossing against a traffic signal which gave the right of way to traffic proceeding on St. Ferdinand Street. The net result of the other signal lights at that time permitted traffic coming off North Boulevard heading west to make a left turn into St. Ferdinand Street and go south. Further, the traffic on North Boulevard headed east would have been stopped in obedience to the signal there which was red. All of these facts do fit together and it shows this Court that Octave Gardere was guilty of negligence which contributed to the accident in question; and, for those reasons the Court denies judgment against plaintiff dismissing his suit at his costs.”
The trial judge’s findings of fact, particularly those involving the credibility of witnesses testifying before him, are entitled to great weight on appeal and will not be disturbed unless found to be clearly erroneous. Orlando v. Polito, 228 La. 846, 84 So.2d 433. If we should assume that Def-fez was negligent, it is obvious that plaintiff would still not be entitled to recover damages because of his own negligence unless it can be shown that Officer Deffez had the last clear chance to avoid the accident.
Counsel for plaintiff argues that Officer Defies was negligent in failing to maintain a proper lookout and in failing to bring his vehicle to a stop after he saw, or after he should have seen, the plaintiff in his lane of traffic, and, therefore, he had the last clear chance to avoid the accident. Defendant Deffez said he did not see the plaintiff until the pickup truck turned easterly from in front of him, and that it was then he saw plaintiff running or hopping into his lane of traffic, and that he put on his brakes with great force, and did all he could to avoid the accident, but was unable to stop before his vehicle struck plaintiff. Taking into consideration reaction time and the fact that his vehicle skidded 24 feet, the *268 defendant’s explanation appears reasonable. The fact that Officer Hebert found the brakes on the Deffez vehicle locked bears out Deffez’s statement that he applied his brakes with force. This Court in Accardo v. Grain Dealers Mutual Insurance Company, 151 So.2d 116, said:
“It is the settled jurisprudence of this state that for the doctrine of last clear chance to apply, plaintiff bears the burden of establishing the following factors by a clear preponderance of evidence, namely: (1) that plaintiff was in a position of peril of which he was unaware or from which he was unable to extricate himself; (2) that defendant was in a position to discover plaintiff’s peril; and (3) that when defendant discovered plaintiff’s peril he had reasonable opportunity to avoid the accident. Mc-Callum v. Adkerson, La.App., 126 So.2d 835; Whitner v. Scott, La.App., 116 So. 2d 180.”
We believe the plaintiff was in a position of peril of which he was unaware. But the plaintiff had put himself in a position of peril by undertaking to cross the street while the light was green facing that street. Furthermore, had the plaintiff been watching for vehicles, he could have seen the Deffez vehicle in time to stop and let it pass in front of him. Hence, plaintiff does not show that he could not have extricated himself from his perilous position had he seen what he should have seen, and is presumed to have seen. If it be conceded that Officer Deffez was in a position to have discovered plaintiff’s peril (and we specifically make no such finding), the plaintiff has not borne the burden of showing that when Deffez discovered his peril he had a reasonable opportunity to avoid the accident.
The application of the last clear chance doctrine was expressed by the Court of Appeal, Fourth Circuit, in the case of Glatt v. Hinton, 205 So.2d 91, as follows:
“The rule to which we refer is that the last clear chance doctrine is inapplicable where the defendant, who is under a duty to discover the danger to the plaintiff, did not actually discover that danger and plaintiff was physically able to escape from his peril at any time up to the moment of impact. To express the rule in another way, the doctrine does not apply if the defendant, because of his negligence, has failed to discover plaintiff’s peril in time to avoid the accident but to the time of the impact plaintiff also had an opportunity to save himself and failed to do so because of his own negligence or continued negligence; where both have had an equal opportunity to avoid the accident and neither did so because each failed to timely discover the other, neither may recover. Under these circumstances both are at fault for failure to see the other and neither has had a last clear chance. If a plaintiff, who could have avoided the accident by seeing what he should have seen, may recover in spite of his own continuing negligence simply because the defendant also could have avoided the accident by seeing what he should have seen, and both are injured or damaged, logically it would follow that both had the last clear chance and a recovery could depend upon which injured or damaged party first brought suit. Kraft v. U. Koen & Company, La.App., 188 So.2d 203; Davidson v. American Drug Stores, 175 So. 157, 162 ; 38 Am. Jur., Negligence, § 224; Prosser Torts 3rd Ed. HB pp. 441, 442.”
As set forth in the foregoing citation, the last clear chance doctrine is equally as applicable to the plaintiff as it is to the defendant. A negligent plaintiff may himself have the last clear chance to avoid his own injury. Where a negligent plaintiff is not helpless to save himself but is only inattentive to his surroundings, as appears to have been the case here, he has no right to payment for damages admittedly occasioned by his own inattentiveness. We *269 think the trial judge correctly found that plaintiff was not entitled to a judgment against any of the defendants.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.