MILLER, Judge.
Plaintiff Mrs. Velma Roxie George appeals the trial court determination that her 19 year old son was contributorily negligent in placing himself behind the tractor wheels of a backing truck. We affirm.
One of the issues relating to this case was before us in George v. Bertrand, 217 So.2d 47 (La.App. 3 Cir. 1968), writ refused, 253 La. 647, 219 So.2d 177 (1969).
Mrs. Velma Roxie George seeks damages for the death of her son Mr. Vergie Lee George. On November 29, 1966, while *400 working as a cement sweeper on a road resurfacing job near Broussard, Louisiana, her son was run over by the rear tractor wheels of a cement tandem truck driven by Mr. Ora Bertrand.
Suit was initially filed against Bertrand, driver of the truck, Mr. Wilton Cox, owner of the tractor-trailer cement truck, Bulk Transport, Inc., lessee of the truck and St. Louis Fire and Marine Insurance Company, Bulk Transport’s insurer. The suit against Cox was dismissed before trial.
W. H. Patterson Co., Inc., decedent’s employer, and Highlands Insurance Co., Patterson’s compensation insurer, intervened to recover workmen’s compensation benefits paid as a result of the accident. Bulk Transport and St. Louis filed a third party demand against Patterson and Highlands for contribution. An exception of no cause of action was filed by Bulk Transport and St. Louis as against plaintiff’s suit based upon the settlement proceedings between plaintiff and Patterson and Highlands.
Ora Bertrand filed a third party demand against St. Louis and Bulk Transport claiming that he was entitled to be defended in the action by St. Louis and that, in the alternative, Bulk Transport would be liable to him for the amount of the judgment for which he might be cast.
The trial court granted judgment in favor of defendants Bulk Transport, St. Louis, and Bertrand and against plaintiff Velma Roxie George and against interve-nor, Highlands. Judgment was granted in favor of the third party defendants, Bulk Transport and St. Louis and against third party plaintiff Bertrand.
Appeals were taken by Highlands, Velma Roxie George and Bertrand (as third party plaintiff). Bulk Transport and St. Louis argue their original defenses setting forth their claim that plaintiff had settled her claim.
The resurfacing operations were being conducted on a road near Broussard, Louisiana. Defendant Bertrand was driving a cement tractor-trailer rig to which was attached a soil cement spreader. Bertrand’s job was to move his rig in a forward motion along the road and spread soil cement on the prepared road surface. Two of Patterson’s employees were assigned as cement sweepers, and were instructed to follow the truck as it moved forward and to make sure 1) that the cement correctly flowed from the spreader and 2) that the truck followed the designated path for distribution of the cement. Upon reaching the end of a forward run, the spreader was cut off by one of these two Patterson employees. Upon signal by them, the truck was backed to the original starting point and the process was repeated. These employees were instructed not to level the concrete with their brooms until all concrete had been spread and were further instructed not to walk behind the truck while it was backing. They were specifically instructed never turn their backs on moving equipment in operation on the job site.
The road on which the operation was in progress had a fairly sharp curve in it and in backing the tractor and trailer, the normal maneuver required the tractor to jackknife in an opposite direction from the trailer and thereby expose the rear tractor wheels from their normal direct alignment behind the trailer.
After making two forward runs and one reverse run, Bertrand started his second reverse or backing run at a very slow speed. As he did so, decedent, one of the two concrete sweepers, began walking along the right side of the rig with his back to the tractor. Although the truck was moving slowly, decedent was walking slower and at the point where the truck began to negotiate the curve, the rear end of the tractor passed decedent enough so that he was almost directly behind the right rear tractor wheels. When the tractor wheels moved away from their position of alignment with the trailer, decedent was run over and killed.
*401 The trial court found that decedent was negligent in turning his back on the backing tractor and in placing himself in such proximity with the moving vehicle. We agree. The record shows that he had been warned not to turn his back on moving equipment. Also, he had ample opportunity and room to remove himself to a place of complete safety during this backing procedure. He could have walked in front of the tractor as it backed.
Decedent had been working on this type job for at least eight or nine months. Several trucks, including the one operated by Bertrand, had made runs on this same road to decedent’s knowledge and observation that same day. We find that he knew or should have known of the necessity for the jackknifing procedure and the dangers attendant with placing himself in proximity thereto. In so placing himself, he was negligent.
Plaintiff argues the doctrine of last clear chance. We find that it is not available to plaintiff even if we were to find Bertrand negligent. Applicable here is the rule stated in Glatt v. Hinton, 205 So.2d 91, 94 (La.App. 4 Cir. 1967), writ refused 251 La. 861, 206 So.2d 712 (1968):
"... the doctrine does not apply if the defendant, because of his negligence, has failed to discover plaintiff’s peril in time to avoid the accident but to the time of the impact plaintiff also had an opportunity to save himself and failed to do so because of his own negligence or continued negligence; where both have had an equal opportunity to avoid the accident and neither did so because each failed to timely discover the other, neither may recover. Under these circumstances both are at fault for failure to see the other and neither has had a last clear chance.”
See also Gardere v. Deffey, 241 So.2d 265, 268 (La.App. 1 Cir. 1970).
In this case, if decedent, at anytime prior to impact, had exercised care to observe his obvious position of peril, he could have easily removed himself from the path of the slow moving truck. Under the jurisprudence he is barred from recovery.
Bertrand’s third party plaintiff claim for attorneys fees against St. Louis was also properly rejected. Bulk Transport’s policy of insurance extended coverage to the “assured.” The term “assured” was defined in the policy as follows:
“The unqualified word ‘assured’ includes the named assured and also any partner, executive officer, director or stockholder thereof while acting within the scope of his duties as such.”
The named assured was a company— Bulk Transport, and did not thereby include, as plead by Bertrand, an employee pro hoc vice of the company, if indeed Bertrand could be properly so characterized. We do not reach the question of Bertrand’s alleged employment by Bulk Transport. The record shows that Bertrand does not fit into the other categories of “assured” and was not covered by the policy. Therefore, St. Louis did not owe a defense to Bertrand.
With these decisions, all other questions raised on appeal are moot and are not considered.
The trial court judgment is affirmed. Costs of this appeal are assessed to plaintiff appellant.
Affirmed.