CIACCIO, Judge.
This suit arose out of an automobile collision in a grocery store parking lot. Plaintiff, the driver of one car, sued the driver of the other car, Rayfield Colman, DeJoie Cab Company (Colman was on duty, driving his cab) and North-West Insurance Company. Defendants filed a third party demand against Schwegmann Giant Super Markets, Inc. Plaintiff filed a supplemental petition wherein he added Schwegmann as a defendant.
After trial the jury returned a verdict which found both drivers and Schwegmann negligent, found that defendant Colman had the last clear chance to avoid the accident, and awarded plaintiff $140,000 in damages. After the trial judge inquired of the jury the basis of its verdict, he ordered the jury to redeliberate. Although we find no precedent permitting such a procedure, in the absence of objection by any party, the jury resumed its deliberations and returned an identical verdict except that the award for damages was reduced to $75,000. DeJoie Cab Company was granted a directed verdict at the close of plaintiffs case.
Schwegmann filed a motion to dismiss which the trial court granted. Then, in accordance with the verdict, the trial judge rendered judgment in favor of the plaintiff and against Colman and Northwest for $25,000 (the limits of the insurance policy) and in favor of the plaintiff, and against Colman individually for $50,000. DeJoie Cab Company and Schwegmann were dismissed on the basis of their respective motions for directed verdict and to dismiss.
Defendants Colman and Northwest have appealed raising issues on a question of evidence, application of the doctrine of last clear chance, and the excessiveness of the damage award in general and in consideration of a second accident in which plaintiff was involved. Plaintiff has appealed the dismissal of Schwegmann.
After a careful review of the record, we find the doctrine of last clear chance inapplicable to the facts of this case. Defendant Colman, therefore, may not be held liable for plaintiffs damages. Further, we *472 find that in light of the jury verdict, Schwegmann was properly dismissed.
Plaintiff and defendant Colman had parked their cars across from each other on opposite sides of a two-way driveway in the parking lot of a Schwegmann store. The parking lanes were perpendicular to the driveway and were staggered so that one lane would not be directly across from the lane on the opposite side of the driveway.
The collision occurred when both drivers simultaneously backed from their parking spots into the driveway. The rear ends of the cars came into contact approximately five feet on plaintiff's side of the center line of the driveway.
Plaintiff testified that as he walked to his car he saw Colman and a passenger placing groceries into the cab. Plaintiff entered his car and began backing out when he stopped to allow a car to pass along the driveway between his car and Colman’s cab. After the car passed, plaintiff testified that “before I could look around again I was hit by the cab.”
Colman testified that he loaded his cab with a passenger and her groceries. He then entered his car, looked in the rearview mirror, turned around and looked through the rear window, and began backing up. He testified that the collision occurred after he had stopped backing and had placed the car’s transmission in drive; that he was stopped at the time of the collision and had not yet begun to move forward. Colman testified that plaintiff backed into the cab and that the collision caused the passenger to be thrown forward against the front seat.
The passenger did not testify.
The jury, responding to special interrogatories, found that both plaintiff and Colman had been negligent. The jury also answered affirmatively that Colman had the last clear chance to avoid the accident. The jury was not asked whether plaintiff had an opportunity t.o avoid the accident.
The concept of “last clear chance” applies to plaintiffs as well as defendants. Reliance upon “last clear chance” necessarily assumes that both parties were negligent. If either party becomes aware of an apparently imminent collision, that party is required to take every reasonable measure available to avoid the collision. Whichever party sues first, so as to make himself plaintiff, does not dictate who was required to take reasonable steps to avoid the collision. Both parties have a duty to avoid the collision, if possible.
If neither party is aware that a collision is imminent, then, in practical terms, neither party is going to take any steps to avoid it. The law, however, inquires whether a party should have been aware of the danger and whether the collision could have been avoided if the party had been aware. Where both parties have had an opportunity to avoid the collision and neither did so because each failed to timely discover the other, neither may recover. Under these circumstances both are at fault for failure to see the other and neither has had a last clear chance. Glatt v. Hinton, 205 So.2d 91 (La.App. 4th Cir.1967), writ refused, 251 La. 861, 206 So.2d 712 (1968); see also, George v. Bertrand, 262 So.2d 398 (La.App.3d Cir.1972); Gendusa v. Rabel, 212 So.2d 854 (La.App. 4th Cir.1968); Kraft v. U. Koen & Company, 188 So.2d 203 (La.App. 4th Cir.1966); Emco Insurance Company v. Employers Mutual Liability Insurance Company of Wisconsin, 150 So.2d 338 (La.App. 1st Cir.1963).
The jury found both plaintiff and defendant Colman negligent. The evidence supports this finding. Both drivers were inattentive and negligently backed into the driveway without first ascertaining that such a manuever could be accomplished safely. Neither driver was aware that their paths of travel would intersect until the collision occurred. Each driver should have been aware, and could have easily made himself aware, of the situation and could have taken steps to avoid the accident.
Plaintiff argues that Colman had more rearview mirrors which provided him *473 better rear visibility and that Colman had more room to maneuver so that he may have been able to back out without crossing the center line of the driveway. Even accepting these arguments as true, plaintiffs own negligence is not diminished and we find that plaintiff, if he had been attentive and seen what he should have seen, could have avoided the accident. Plaintiff had as much opportunity to avoid the accident as did Colman.
Having determined that “last clear chance” is inapplicable to the facts of this case, plaintiff is barred from recovery against Colman because of plaintiffs contributory negligence (this incident occurred prior to this State’s adoption of comparative negligence).
Plaintiffs contributory negligence also prevents his recovery against Schweg-mann. The jury found plaintiff and Schwegmann negligent. A judgment in accordance with the jury’s verdict would dismiss plaintiff’s claim against Schwegmann. The proper result was obtained, therefore, when the trial court dismissed plaintiff’s claims against Schwegmann, as this result was in accord with the verdict of the jury.
Plaintiff argues that Schwegmann should be held strictly liable under La.C.C. Art. 2317. Plaintiff argues further that contributory negligence is not a bar to recovery against a defendant held strictly liable, and so he should recover against Schwegmann. We avoid discussing the availability of contributory negligence and victim fault as defenses to strict liability, because we find that Schwegmann is not strictly liable.
Plaintiff⅛ argument for Schweg-mann’s strict liability is that the parking lot was improperly designed and that Schweg-mann should not have placed barrels across the end of the driveway adjacent to the up ramp leading to roof top parking. Even assuming that plaintiff wants to argue that the design of the parking lot and the placement of the barrels created an unreasonably dangerous condition (which is what he must prove to establish strict liability), we do not find his arguments or the evidence persuasive.
The only non-medical expert who testified at trial was an accident reconstruction expert called by the plaintiff. An accident reconstruction expert is not, by the nature of his expertise, qualified to give an expert opinion on the design and operation of a parking lot. Of the qualifications of plaintiff’s expert elicited at trial none provided a foundation for him to give an opinion concerning the design and operation of a parking lot. Nevertheless, plaintiff relies heavily upon this expert’s opinions to support his argument for Schwegmann’s strict liability.
Even if we consider the expert’s opinions, we do not find them persuasive. He stated that he would prefer the parking lanes to be 10 feet wide rather than 8 feet. Plaintiff also argues that a two-way driveway adjacent to the parking lanes created an unreasonable risk because drivers would be required to look both ways. Further the placement of the barrels, plaintiff argues, limited his options as to which way he wished to back out, and contributed to the collision.
We are not convinced that parking lanes eight feet wide create an unreasonably dangerous condition. While the increased maneuverability of a lane ten feet wide might be nice, this does not make eight foot lanes dangerous. The two-way driveway adjacent to the parking lanes is not an unusual design, and creates a situation similar to backing from one’s own driveway into any two-way city street. We are not persuaded that this design created an unreasonably dangerous condition.
Plaintiff says that the barrels blocking the up ramp to his left forced him to back out so that he would be facing to the right of his starting position. This may be so. We note, though, that plaintiff wished to travel to the right in order to exit the parking lot. There was no need to travel left onto the roof. The blocked driveway did not create a dangerous condition. It was not the barrels, but plaintiff’s inattentiveness which precipitated the collision, as *474 plaintiff backed his car without first seeing what he should have seen.
The jury found Schwegmann negligent. It was not asked, and therefore did not find Schwegmann strictly liable. We have reviewed the record and considered plaintiff’s arguments and we do not find Schweg-mann strictly liable. Since the only finding against Schwegmann involves negligence, plaintiffs contributory negligence bars his recovery.
For the foregoing reasons, the judgment of the district court is reversed in so far as it casts Rayfield Colman and Northwest Insurance Company liable for plaintiff’s damages. The judgment is affirmed as to its dismissal of claims against Schweg-mann. The judgment dismissing DeJoie Cab Company was not appealed.
Accordingly, judgment is hereby rendered dismissing plaintiff’s claims as to all defendants. All costs are to be paid by plaintiff.
REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.