758 So.2d 886 (2000)
Carol J. AYMOND, Jr.
v.
Donna D. AYMOND.
No. 99-1372.
Court of Appeal of Louisiana, Third Circuit.
March 1, 2000.
*887 Carol J. Aymond, Jr., Bunkie, LA, D. Rex Anglin, Shreveport, LA, Counsel for Defendant, Donna D. Aymond.
Carl Duhon, Lafayette, LA, Counsel for Defendant, Whitney National Bank.
BEFORE: THIBODEAUX, SAUNDERS, AMY, Judges.
THIBODEAUX, Judge.
Carol J. Aymond, Jr. and Donna D. Aymond appeal a judgment of the trial court which partitioned the community of acquets and gains which existed between them. Both parties assert several assignments of error. We amend and affirm the trial court's judgment and remand for a *888 supplemental partition, if necessary, of community income received by Mr. Aymond in 1998.

I.

ISSUES
Carol Aymond asks that we consider:
1. whether the trial court erred in failing to reimburse him for his separate labor in the management of community assets from the date of termination of the community property regime;
2. whether he was entitled to receive credit for paying alimony pendente lite to Mrs. Aymond;
3. whether the trial court erred in failing to reimburse him for penalties in the amount of $18,892.70 which were incurred by the community for Mrs. Aymond's early withdrawal of certificates of deposit; and,
4. whether the trial court erred in failing to require Mrs. Aymond to pay expert fees and costs incurred during partitioning proceedings.
Donna Aymond entreats us to consider:
1. whether the trial court erred in its judgment on the trial of traversals by finding that a corporation, Cardean, Inc., was the separate property of Mr. Aymond;
2. whether the trial court erred in its valuation of Mr. Aymond's law office bank account and practice;
3. whether the trial court erred by casting both parties equally for one-half of the court costs incurred after the trial on the merits; and,
4. whether the trial court erred in its rulings on pre-trial discovery in failing to compel the production of Mr. Aymond's income information.

II.

FACTS
Carol J. Aymond, Jr. and Donna Aymond were married in 1967 and lived together until about April 17, 1996, when Donna Aymond left their matrimonial domicile in Avoyelles Parish. Two children, Jaimie and Chantel, who have attained the age of majority, were born to this marriage. Throughout the marriage, Mrs. Aymond was a housewife and Mr. Aymond was and continues to be an attorney and a farmer.
The Aymonds accumulated a vast amount of community property which consisted of real estate, certificates of deposit, cattle, coins and other movable items. On June 26, 1996, Mrs. Aymond secured a judgment for alimony pendente lite in the amount of $4,500.00 per month, cash payment, continuation and payment of a hospitalization policy, and the payment of car insurance on her automobile, as well as the use of a 1996 Lincoln. On September 15, 1996, Mrs. Aymond filed a Petition for Partition of Community Property. Each party filed Detailed Descriptive Lists of Property and each party traversed the list of the other. Experts were appointed by the court to appraise certain described items of community property. Mr. Aymond claimed that upon Mrs. Aymond's departure from the matrimonial domicile, she prematurely cashed in community certificates of deposit (CD's) in the name of both parties in an amount of over a half million dollars. Mr. Aymond filed for a Separation of Property on November 22, 1996, claiming mismanagement and fraud by Mrs. Aymond. The court granted the Separation of Property Judgment which terminated the community of acquets and gains effective April 19, 1996. On January 27, 1999, a trial on the merits of the Partition was held and judgment was rendered.
Carol J. Aymond, Jr. and Donna D. Aymond both appeal the trial court's judgment.

III.

LAW AND DISCUSSION

Standard of Review
A court of appeal may not set aside a trial court's factual findings unless *889 clearly wrong or manifestly erroneous. Rosell v. ESCO, 549 So.2d 840 (La.1989). The following two-tier test exists for appellate review of facts: 1) whether there is a reasonable factual basis in the record for the finding of the trial court, and 2) whether the record establishes that the finding is not manifestly erroneous. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). If a reasonable factual basis exists, an appellate court may set aside a trial court's factual finding only if after reviewing the record in its entirety, it determines the trial court's finding was clearly wrong. Stobart v. State, Through Dep't of Transp., 617 So.2d 880, 882 (La.1993).

Reimbursement for Management of Community Assets
Mr. Aymond argues the trial court erred in failing to award him reimbursement for his separate labor in the management of community assets from the termination of the community property regime on April 19, 1996, to the date of trial. We find no merit in this argument.
The Louisiana Civil Code provides the appropriate framework for deciding this issue, unlike the 1905 jurisprudence relied upon by Mr. Aymond. La.Civ.Code art. 2369.1 indubitably states, in part:
After termination of the community property regime, the provisions governing co-ownership apply to former community property, unless otherwise provided by law or juridical act.
This article provides a direct path to La. Civ.Code art. 806, a co-ownership provision, which states, in pertinent part:
A co-owner who on account of the thing held in indivision has incurred necessary expenses, expenses for ordinary maintenance and repairs, or necessary management expenses paid to a third person, is entitled to reimbursement from the other co-owners in proportion to their shares.
(Emphasis added).
Comment (c) explains and specifically states in part:
A co-owner is not allowed to receive anything for his own management of the thing that is held in indivision unless he is entitled to such a recovery under a management plan adopted by agreement of all co-owners....
(Emphasis added).
Sharp v. Zeller, 114 La. 549, 38 So. 449 (1905), on which Mr. Aymond relies, held that a joint owner in possession is entitled to recover money expended for taxes, insurance, and necessary repairs, inuring to the benefit of his co-owners. In Sharp, the defendant, Henry Zeller, was allowed recovery because he had used his separate funds in purchasing the property at issue. In this case, the property which was managed and maintained was community property. More importantly, there was no issue of managerial reimbursement in Sharp, to which Mr. Aymond demands he is entitled.
Mr. Aymond also urges this court to apply the holding of Lovell v. Lovell, 490 So.2d 330 (La.App. 1 Cir.1986). We decline to do so. In Lovell, the plaintiff, Barbara Lovell, erroneously believed her husband, Archie Lovell, was not entitled to reimbursement for community debts which he paid with separate funds. In this case, separate funds are not at issue. If separate property is used to satisfy a community obligation, that spouse, upon termination of the community property regime, is entitled to reimbursement for one-half of the amount or value that the property had at the time it was used. La.Civ.Code art. 2365.
Furthermore, Mr. Aymond did not employ a third person to manage the property; thus, he is denied reimbursement for management expenses. Additionally, because there was no management plan adopted between Carol J. and Donna D. Aymond as co-owners, Carol Aymond is not entitled to reimbursement for his managerial services.

*890 Alimony Pendente Lite
Mr. Aymond has, for the first time, raised the issue that he was entitled to a credit for alimony pendente lite payments made to Mrs. Aymond. Mr. Aymond suggests that the amount paid in alimony should be subtracted from the community in order to determine the true value of the community. We disagree.
Pending a final support award, alimony pendente lite may be awarded by a court based on the needs of the party seeking the support, the ability of the other party to pay, and the standard of living of the parties during the marriage. La. Civ.Code art.113. Mr. Aymond was ordered to pay $4,500.00 per month for alimony pendente lite. Both parties admitted that the one bank account used by Mr. Aymond for his living expenses was one in which he deposited both community and separate funds. He also paid community and separate debts from this account, including Mrs. Aymond's alimony. Alimony pendente lite is based on codal obligations of support between married persons. The court in Bruzeau v. Bruzeau, 592 So.2d 415 (La.1992), writ denied, 589 So.2d 499 (La.App. 5 Cir.1991), found that it was erroneous to allow credit toward alimony pendente lite for funds paid to the wife from the family business, which was community property. Reinhardt v. Reinhardt, 31,174, p. 3 (La.App. 2 Cir. 1/20/99); 728 So.2d 503, 507, provides:
The mere mixing of separate and community funds in a community account does not by itself make the funds community. However, when separate funds are commingled with community funds indiscriminately and to the extent that separate funds are no longer capable of identification and it is impossible to trace the origin of the funds, then all of the funds are considered community.
(Citations omitted).
We agree with Mrs. Aymond. Mr. Aymond's obligation to pay her was his separate obligation which occurred after termination of the community property regime. See La.Civ.Code art. 2363. Mr. Aymond testified that he had made payments to Mrs. Aymond from community funds. He honestly revealed that, "the farm income, which includes all income from rental property and cattle, did not generate enough money to pay Mrs. Aymond's alimony, car insurance and hospitalization." The farm income belonged to the community. The trial court properly advised Mr. Aymond that his alimony obligation was his separate debt which was not to be paid from community funds. La.Civ.Code art. 2357 provides that the spouse who disposes of property of the former community for a purpose other than the satisfaction of community obligations is liable for all obligations that are incurred by the other spouse up to the value of that community property. By paying Mrs. Aymond's alimony out of the bank account which maintains both separate and community funds, Mr. Aymond has essentially paid Mrs. Aymond only half of what he actually owes her in alimony.
Mr. Aymond's request to receive credit for alimony pendente lite payments to Mrs. Aymond lacks merit.

Penalties for Early Withdrawal of Certificates of Deposit (CD's)
Mr. Aymond argues that the trial court erred in failing to reimburse him for penalties in the amount of $18,892.70 which were incurred by the community for Mrs. Aymond's early withdrawal of numerous CD's. Mr. Aymond alleges Mrs. Aymond committed fraud and was in bad faith in so doing.
La.Civ.Code art.1953 defines fraud as, "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss of convenience to the other. Fraud may also result from silence or inaction." Based on this forthright definition and the evidence produced from the record, we do not find that Mrs. Aymond defrauded the community.
*891 Although Mrs. Aymond's actions were somewhat ill-advised, we do not find they were fraudulent. Mrs. Aymond was a housewife of several years who had no gainful employment to generate income. We agree with the trial court that Mrs. Aymond was simply attempting to maintain various funds for her support. Penalties were incurred; however, they are not recoverable absent a showing of fraud. La.Civ.Code art. 2354 maintains that, "[a] spouse is liable for any loss or damage caused by fraud or bad faith in the management of the community property." The trial court found neither fraud nor bad faith in this case. This finding is reasonable. Therefore, Mr. Aymond was appropriately denied reimbursement for penalties on early withdrawal of the certificates of deposit.

Compliance with Louisiana Revised Statute 9:2801
Mr. Aymond's final contention is that the trial court erroneously failed to require Mrs. Aymond to strictly comply with La.R.S. 9:2801 which governs partitioning of community property. We note that previously filed writs by Mr. Aymond to this court and to the supreme court regarding this issue have been denied. Aymond v. Aymond, 97-319 (La.App. 3 Cir. 10/8/97); 701 So.2d 262; Aymond v. Aymond, 97-2904 (La.1/30/98); 709 So.2d 719. Mr. Aymond argues that Mrs. Aymond should be required to pay all costs assessed by the trial court for expert witnesses appointed by the court. We disagree.
In compliance with La.R.S. 9:2801, Mrs. Aymond filed her Detailed Descriptive List; however, she was unable to list the values of the community assets. She therefore requested the appointment of an expert to give a certified opinion as to the value of the property. The court, in its discretion, appointed an expert to appraise the community assets. Mr. Aymond appears to have taken offense to the fact that the trial court, in its discretion, chose not to accept the computations of his real estate expert. Mr. Aymond urges this court to find the court-appointed expert fees and costs were unnecessary and, thus, should be exclusively borne by Mrs. Aymond.
The appointment of an expert was necessary in order to equitably determine the community assets involved in this partitioning proceeding. Considering that Mrs. Aymond was unable to provide values for the assets, it was, without question, necessary for the trial court to appoint an expert to evaluate the community assets.

Shares of Stock
Mrs. Aymond argues that 800 shares of stock in a corporation owned by Mr. Aymond's father and mother, Cardean, Inc., were community property. According to Mrs. Aymond, Mr. Aymond acquired shares of stock in Cardean, Inc., by two separate transactions, which both occurred during their marriage. Mrs. Aymond claims that on October 1, 1971, and on July 1, 1997, 600 and 200 shares, respectively, were acquired by Mr. Aymond. We disagree with Mrs. Aymond that the stock shares should be classified as community property.
The intent stipulated and reflected in the Certificate of Affidavit between the parties that Mr. Aymond, Sr. and his wife intended to donate the stock strictly to Mr. Aymond, Jr. as his own separate property. The stock was not to form any formation of the community regime. It was also stipulated that Mrs. Aymond did not participate in the formation of the corporation nor did she participate in the operation and decision making of Cardean, Inc. We find nothing in the record that suggests Mrs. Aymond did anything for the corporation which would cause an increase in the stock values nor did she participate in the daily operations of Cardean, Inc.
Mrs. Aymond also argues that the stock is community property because there was a failure to transfer the stock by authentic act. If there was compliance with the Uniform Stock Transfer Act, La. *892 R.S. 12:621, et seq. (now repealed), no notarial act is required and it may substitute the formalities of transferring by authentic act. However, donative intent must exist in order to have a valid donation. Blue v. Coastal Club, Inc., 524 So.2d 883 (La.App. 3 Cir.1988). Upon review, we conclude that the trial court was correct in addressing this argument by noting that the articles of incorporation and the by-laws of Cardean, Inc., along with the minutes of the first meeting, were by authentic act and clearly reflected the formation of the corporation by Mr. Aymond, Sr. and his two sons. We find Mr. Aymond, Sr.'s intention to form a corporation with his immediate family was clear and unambiguous. Therefore, we find the trial court's factual findings and application of law were correct.

The Trial Court's Valuation of Mr. Aymond's Law Office Account and Practice
Mrs. Aymond asserts the trial court erroneously considered additional documents regarding the bank account of Mr. Aymond's law office. She reasons that she was wrongly denied her one-half share of the difference between $80,477.44, as reflected by bank account records, and $29,207.91, the amount shown by Mr. Aymond in his filings. Thus, she claims she is entitled to an additional award of $25,634.76. We find no support for this claim.
A trial court has broad discretion in adjudicating issues raised in a proceeding for partitioning of the community regime. Queenan v. Queenan, 492 So.2d 902, 914 (La.App. 3 Cir.1986), writ denied, 496 So.2d 1045 (La.1986). Mrs. Aymond seems to be disturbed that Mr. Aymond was allowed to amend his detailed descriptive lists several times. Courts are required to permit amendments to detailed descriptive lists. La.R.S. 9:2801(1)(b). It was important to obtain the correct balance of the law office account for the partitioning proceedings; thus, amendments were appropriately allowed.
We find no manifest error in the trial court's finding that the balance of $80,477.44 as of April 19, 1996, presented by Mrs. Aymond, did not include checks written before that date that had not been cleared and/or paid. We accept the trial court's finding that the balance of Mr. Aymond's law office account as of April 19, 1996, was $29,207.91.
Mrs. Aymond also contends that the trial court's appraisal of Mr. Aymond's law practice is erroneous. We disagree.
Michael F. Kelly was appointed by the court to appraise the practice and to provide a report of his findings. Mr. Kelly's report concluded that the practice had a value of $216,235.98. Ken Breaux was retained as an expert by Mr. Aymond to provide his evaluation of the practice. According to Mr. Breaux's calculations, the practice had a value of $105,077.86. The trial court properly accepted income tax returns which showed that an overhead of approximately fifty percent was maintained. The court found the gross income of the practice was $360,791.56. Deducting the fifty percent overhead expenditures, the total value was found to be $180,395.78. Considering that Mr. Aymond paid income tax in the amount of $72,158.31, some forty percent of this total, the trial court logically arrived at a total of $108,237.47 as the value of the law practice. Our review of the record finds no error in this finding.

Court Costs
Mrs. Aymond argues that she should not have been ordered to pay one-half of the court costs. Mr. Aymond contends that Mrs. Aymond should have been held responsible for all the costs. Both parties are incorrect.
The general rule is that the party cast in judgment is taxed with cost of proceedings; however, the trial court may assess costs in any equitable manner, and *893 its assessment will not be disturbed in the absence of an abuse of discretion. Bellard v. South Cent. Bell Telephone Co., 96-1426 (La.App. 3 Cir. 8/27/97); 702 So.2d 695, writ denied, 97-2415 (La.12/12/97), 704 So.2d 1202. Upon a finding that the court incurred necessary costs for the appointment of experts to ensure the just and proper adjudication of the partitioning proceedings, the trial court equitably allocated court costs to both parties on an equal basis.

The Trial Court's Rulings on Pre-Trial Discovery
Mrs. Aymond's final argument is that the trial court erred in its rulings on pre-trial discovery in failing to compel Mr. Aymond to produce income information for 1998. She requests a reservation of a right to seek an accounting of partitioning of any community income by Mr. Aymond in 1998.
The trial court candidly explained that:
"The evidence submitted at trial did not include information as to income received in 1998 from the rental of property for agricultural purposes or from the sale of cattle. This income certainly is attributable to the community and cannot be allocated to either spouse nor considered in the computations herein without any evidence theory. The failure to produce this evidence resulted from an incorrect ruling by this Court concerning a hearing regarding discovery. Quite frankly, at the time, this Court did not understand the importance of the evidence being sought. The Court of Appeal, Third Circuit, will certainly correct this error."
(Emphasis supplied). We accept the trial court's invitation. Since the absence of evidence concerning the 1998 community income is attributable to an admittedly erroneous trial court ruling, we reserve Mrs. Aymond's right to seek a supplemental partition of any community income received by Mr. Aymond in 1998. We, therefore, remand for a determination, if necessary, of this issue.

IV.

CONCLUSION
Based on the foregoing reasons, we find no error in the trial court's judgment, except to the extent that it failed to allow evidence regarding community income generated in 1998. We reserve unto Donna D. Aymond the right to seek a supplemental partition of community income received by Carol J. Aymond, Jr. in 1998 and remand for a determination of this income.
Costs of this appeal are assessed to Carol J. Aymond.
AMENDED AND, AS AMENDED, AFFIRMED.
REMANDED FOR A DETERMINATION OF 1998 COMMUNITY INCOME, IF NECESSARY.